IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAULINE TOMASZEWSKI, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO. 2:18-cv-01327

ST. ALBANS OPERATING COMPANY, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is a Motion by Defendants SavaSeniorCare Administrative Services, LLC; SavaSeniorCare Consulting, LLC; and St. Albans Operating Company, LLC d/b/a Riverside Health and Rehabilitation Center to Compel Mediation or Arbitration and Dismiss Complaint [ECF No. 4], pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. For the reasons that follow, the Motion is **GRANTED**, except to the extent that the defendants seek an award of costs and attorneys' fees.

II.    Background

Richard J. Tomaszewski, Sr. ("Mr. Tomaszewski") was a resident at Riverside Health and Rehabilitation Center ("Riverside Health"), a West Virginia skilled nursing facility, from October 2, 2017 through December 24, 2017. During his

residency at Riverside Health, he allegedly suffered serious injuries as a result of the poor care and abuse of Riverside Health and its staff.

Prior to Mr. Tomaszewski's admission to Riverside Health, Mr. Tomaszewski's widow, Pauline H. Tomaszewski ("Plaintiff"), acting on behalf of Mr. Tomaszewski, executed an Agreement for Dispute Resolution Program form ("DRP") with Riverside Health. According to the terms of the DRP, Riverside Health "and all of [its] parents, affiliates, and subsidiary companies, owners, officers, directors, employees, successors, assigns, agents, insurers, and representatives will be required to resolve disagreements pursuant to the [dispute resolution] program." Defs.' Mot. Compel Arbitration or Mediation and Dismiss Compl. ("Defs.' Mot.") Ex. 1, at 6 [ECF No. 4-1] (capitalization omitted). The terms of the DRP bind Mr. Tomaszewski's "family, heirs, successors, assigns, agents, insurers, trustees, and [his] representatives, including the personal representative or executor of [his] estate, and his/her successors, assigns, agents, insurers, trustees, and representatives." *Id.* (capitalization omitted).

The DRP states broadly that the parties agree to resolve "all disagreements" pursuant to its terms: "By agreeing to have all disagreements resolved through the dispute resolution program, the parties agree to waive the right to a judge or a jury trial and to have the dispute resolved through various steps, culminating in a decision by an arbitrator." *Id.* at 2 (capitalization omitted). Notably, Mr. Tomaszewski's admission to Riverside Health was not dependent on Plaintiff's agreement to the

terms of the DRP, and the DRP states that Plaintiff had the right to consult with an attorney of her choice. *Id.* at 6.

Despite the language of the DRP, Plaintiff filed this civil action on behalf of Mr. Tomaszewski's Estate in the Circuit Court of Kanawha County, West Virginia regarding the care Mr. Tomaszewski received at Riverside Health. Plaintiff filed this action against the St. Albans Operating Company, LLC d/b/a/ Riverside Health and several alleged parent entities or affiliates of Riverside Health. Based on diversity jurisdiction, the defendants removed the case to this court.

Defendants SavaSeniorCare Administrative Services, LLC; SavaSeniorCare Consulting, LLC; and Riverside Health ("Defendants") move to compel arbitration based on the DRP. Defendants argue that the DRP is enforceable under the Federal Arbitration Act ("FAA") and contend that the DRP is a valid and enforceable contract under West Virginia law. Plaintiff counters that the DRP is unconscionable and therefore unenforceable. Plaintiff argues further that the court should allow limited discovery regarding the admissions process to Riverside Health and the facts and circumstances surrounding the formation of the DRP to determine whether the DRP is procedurally and substantively unconscionable.

### III. Legal Standard

Arbitration clauses are a subset of forum-selection clauses, the enforcement of which is considered in the Fourth Circuit as a Rule 12(b)(3) motion to dismiss for improper venue. *See Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 n.9 (4th Cir. 2012) ("[T]he Supreme Court has characterized an arbitration clause as 'a specialized

3

kind of forum-selection clause.'") (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)); *Gold Mine Jewelry Shoppes, Inc. v. Lise Aagaard Copenhagen, A/S*, 240 F. Supp. 3d 391, 394 (E.D.N.C. 2017). "On a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside the pleadings." *Aggarao*, 675 F.3d at 365–66. A plaintiff must only make a prima facie showing of proper venue in order to survive a motion to dismiss. *Id.* at 366. In assessing whether there has been a prima facie venue showing, the court draws all reasonable inferences in the light most favorable to the non-moving party. *Id.*

IV. Discussion

a. The FAA

The FAA was enacted in 1925 and codified as Title 9 of the United States Code in 1947. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Its purpose was to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place [them on] the same footing as other contracts." *Id.* The FAA provides that arbitration clauses in contracts concerning interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, a district court must grant a motion to compel arbitration when "a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

In this circuit, a party may compel arbitration under the FAA if it can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

*Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (internal quotations omitted). The court finds all four elements met.

Beginning with the first factor, a clear dispute exists between the parties, as evidenced by Plaintiff's Complaint and Defendants' denial of Plaintiff's allegations. *See* Defs.' Mem. Law [ECF No. 5] at 7.

The court also finds the second element is satisfied, though Plaintiff does not dispute that the DRP covers her claims. In the DRP, the parties agreed to mediate or arbitrate the claims at issue in this case: The DRP states that the parties agree to resolve "all disagreements" arising out of Mr. Tomaszewski's residency at Riverside Health through the dispute resolution program. Defs.' Mot. Ex. 1, at 2 (capitalization omitted). Plaintiff's claims all fall within the scope of the DRP because each claim arises from Mr. Tomaszewski's alleged injuries resulting from his residency at Riverside Health.[1] The DRP also binds all of the moving parties. The DRP requires

---

[1] Specifically, Count I alleges that the defendants' acts and omissions during Mr. Tomaszewski's residency at Riverside Health violated Mr. Tomaszewski's statutory right to receive adequate and appropriate health care and support services consistent with his care plan. Compl. ¶ 42. Count II alleges negligence against the defendants under W. Va. Code § 55-7B-1, *et seq.* based on the defendants' failure to prevent falls during Mr. Tomaszewski's residency at Riverside Health. *Id.* ¶¶ 46–47. Count III alleges ordinary negligence and reckless misconduct based on the defendants' alleged failure to maintain safe premises and failure to provide Mr. Tomaszewski with basic needs, such as food, toileting, and assistance with daily living. *Id.* ¶ 52. And Count IV alleges wrongful death pursuant

5

Riverside Health and its "parents, affiliates, and subsidiary companies, owners, officers, directors, employees, successors, assigns, agents, insurers, and representatives" to resolve disagreements pursuant to the dispute provisions in the DRP. *Id.* at 6. Defendants contend, and Plaintiff does not dispute, that Plaintiff's claims against Defendants SavaSeniorCare Administrative Services, LLC and SavaSeniorCare Consulting, LLC are covered by the DRP based on the entities' relationships with Riverside Health. Likewise, Plaintiff—the executrix of Mr. Tomaszewski's estate—and Mr. Tomaszewski's beneficiaries are all specifically bound to the terms of the DRP. *See id.* As such, the second factor is met.

The third factor comes from the FAA's requirement that the arbitration provision at issue is one "involving" interstate commerce. 9 U.S.C. § 2. The Supreme Court has broadly interpreted this language, concluding that by using the word "involving," Congress intended "to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause." *Perry v. Thomas*, 482 U.S. 483, 490 (1987). The term "involving" "is indeed the functional equivalent of 'affecting.'" *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273–74 (1995). Defendants contend—and Plaintiff does not dispute—that the business of a long-term care facility affects interstate commerce, thereby satisfying the FAA's interstate commerce requirement.

---

to W. Va. Code § 55-7-5, *et seq.*, based on the defendants' failure to act with reasonable care in the provision of care and services to Mr. Tomaszewski during his residency at Riverside Health. *Id.* ¶¶ 54–56.

Riverside Health's facility is located in West Virginia, though Riverside Health is a corporate citizen of other states. Defendants state that Riverside Health receives payments from residents from out-of-state insurers and the federal government and that Riverside Health regularly purchases and receives shipments of supplies from out-of-state vendors.[2] *See also* Defs.' Mot. Ex. 1, at 5. Considering this economic activity within the full reach of the Commerce Clause, I find the interstate commerce element met here. *See THI of N.M. at Hobbs Ctr., LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1184 (D.N.M. 2012) (listing cases that found the FAA's interstate commerce requirement satisfied by a nursing home's purchase of supplies from out-of-state vendors or acceptance of payment from Medicare); *see also Fields v. Health Care & Ret. Corp. of Am., LLC*, No. 2:15-cv-1547, 2015 WL 2137285, at *3 (S.D. W. Va. May 7, 2015) (Goodwin, J.) (finding the FAA's interstate commerce requirement satisfied by the business of a long-term care facility).

Lastly, the court finds the fourth factor met because Plaintiff refuses to mediate or arbitrate her claims, as evidenced by the filing of this lawsuit in the Circuit Court of Kanawha County and Plaintiff's opposition to Defendants' motion to compel arbitration. Having established the existence of the four factors set forth in *Wood*, I conclude that the FAA applies.

### b. Unconscionability

---

[2] I also note that the DRP specifically provides that its terms and the nature of Riverside Health's business "substantially affect[] . . . interstate commerce." Defs.' Mot. Ex. 1, at 5. While not dispositive, this language supports my finding of interstate commerce.

7

Having concluded that the FAA applies, I finally consider Plaintiff's sole argument in response to Defendants' Motion: Plaintiff contends that the DRP is unconscionable and therefore unenforceable under West Virginia law. Plaintiff also requests that the court permit limited discovery regarding the facts and circumstances surrounding the formation of the DRP prior to the court's resolution of the Motion. The court finds additional discovery regarding the DRP unnecessary to the resolution of the Motion.

Under the FAA, an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts." *Wood*, 429 F.3d at 87. Therefore, the court will apply West Virginia law to determine if the DRP is valid and enforceable.

"The doctrine of unconscionability means that, because of an overall and gross imbalance, one-sidedness, or lop-sidedness in a contract, a court may be justified in refusing to enforce the contract as written." Syl. Pt. 12, *Brown ex rel. Brown v. Genesis Healthcare Corp.*, 724 S.E.2d 250, 261 (W. Va. 2011), *overruled in part on other grounds sub nom. Marmet Health Care Ctr. v. Brown*, 565 U.S. 530 (2012). Under West Virginia law, Plaintiff "must establish *both* procedural and substantive unconscionability in order to invalidate the agreement." *Toney v. EQT Corp.*, No. 13-1101, 2014 WL 2681091, at *5 (W. Va. 2014) (unpublished) (emphasis added). "Courts should apply a 'sliding scale' in making this determination: the more substantively

oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the clause is unenforceable, and vice versa." *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 717 S.E.2d 909, 920 (W. Va. 2011) (quoting Syl. Pt. 20, *Brown*, 724 S.E.2d at 262).

### 1. Substantive Unconscionability

"Substantive unconscionability involves unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party." Syl. Pt. 19, *Brown*, 724 S.E.2d at 262. In assessing substantive unconscionability, courts should "consider the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and public policy concerns." *Id.* However, "[t]here is nothing inherently unfair or inequitable about arbitration agreements in general." *Adkins v. Labor Ready, Inc.*, 185 F. Supp. 2d 628, 637 (S.D. W. Va. 2001).

Here, the terms of the DRP simply do not favor one party over the other. The DRP binds all parties to mediation or arbitration regarding *all* disputes rather than only potential claims brought by Plaintiff on behalf of Mr. Tomaszewski. *See* Defs.' Mot. Ex. 1, at 2. Both parties waived their right to a trial in favor of resolving any dispute through mediation or arbitration. *Id.* The DRP does not change the duty of care owed by Riverside Health or limit Riverside Health's liability. Instead, the DRP only changes the forum of the lawsuit.

Moreover, the terms of the DRP require both parties to select a mutually agreeable arbitrator for a one-person arbitration panel or to elect an arbitrator of

9

their choosing to sit on an arbitration panel in the event of a disagreement, ensuring a neutral proceeding. *Id.* at 3–4. The parties must also agree on the place where mediation or arbitration will take place. *Id.* at 4. In short, the DRP places the same obligations and conditions upon both parties other than panel fees—of which *Defendants* pay 90%. *Id.* Accordingly, the court finds the DRP is not substantively unconscionable, and additional discovery on this issue would be futile.

### 2. Procedural Unconscionability

As noted, the DRP must be both substantively and procedurally unconscionable for the court to refuse to enforce it. Inasmuch as the court has found no substantive unconscionability, the DRP is not unconscionable, and the court must compel arbitration. Nonetheless, the court also finds that the agreement is not procedurally unconscionable.

"Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract. [It] involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction." Syl. Pt. 10, *Brown v. Genesis Healthcare Corp.*, 729 S.E.2d 217, 221 (W. Va. 2012) (quoting Syl. Pt. 17, *Brown*, 724 S.E.2d at 221). Such inadequacies "include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was formed," which includes "whether each party had a

10

reasonable opportunity to understand the terms of the contract." *Id.* I find the DRP is not procedurally unconscionable.

In this case, Plaintiff did not have to sign the DRP for Mr. Tomaszewski to receive treatment at Riverside Health. *See* Defs.' Mot. Ex. 1, at 6. The DRP specifically states that agreeing to its terms is not a prerequisite of admission. *Id.* ("WE WILL NOT REFUSE TO ADMIT, ATTEMPT TO DISCHARGE THE RESIDENT OR TAKE ANY OTHER ADVERSE ACTION AGAINST THE RESIDENT BASED ON A REVOCATION OF THE OPPORTUNITY TO PARTICIPATE IN DRP."). Accordingly, Plaintiff had a real alternative to the terms of the DRP: She had the option to decline the agreement. *See Art's Flower Shop, Inc. v. Chesapeake & Potomac Tel. Co. of W. Va., Inc.*, 413 S.E.2d 670, 674–75 (W. Va. 1991) (noting that "something more" than mere inequality in bargaining power is required to find a contract unconscionable, such as the plaintiff having no real alternative to a contract's unfair terms). Additionally, the DRP conspicuously states, in all capital letters, that participation in the dispute resolution program is voluntary. Defs.' Mot. Ex. 1, at 6.

Plaintiff also had the opportunity to rescind the DRP within thirty days of Mr. Tomaszewski's admission to Riverside Health. *Id.* Thus, Plaintiff had ample opportunity to understand the DRP's terms. Additionally, the DRP's terms were not hidden or complex. Sections of the DRP clearly state, in all capital letters, that the parties agree to waive their right to a trial. *Id.* at 2. The DRP states in all capital letters that Plaintiff has the right to consult with an attorney. *Id.* at 6. And Plaintiff

11

acknowledged that she had the opportunity to ask questions about the DRP. *Id.* For these reasons, the court finds that the DRP is not procedurally unconscionable. Plaintiff has also failed to allege additional facts that place the DRP in issue or warrant additional discovery.

V. Conclusion

Defendants' Motion to Compel Mediation or Arbitration and Dismiss Complaint [ECF No. 4] is **GRANTED**. The court **DIRECTS** the parties to proceed to arbitration or mediation consistent with the terms of the DRP and **DISMISSES** the Complaint. However, to the extent Defendants' Motion seeks an award of costs and attorneys' fees, the Motion is **DENIED**.

The court **ORDERS** that this case be **DISMISSED** from the docket. The court further **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 6, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE